UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KEITH EDWARD WALKER, )
)
     Plaintiff, )
)
  vs. ) Case No. 16-0013-CV-W-GAF-P
)
TIFFANY LEUTY, )
)
     Defendant. )

**O R D E R**

Plaintiff is incarcerated by the State of Missouri at the Crossroads Correctional Center in Cameron. He seeks monetary relief from Defendant Tiffany Leuty, a public defender who represented Plaintiff in a criminal case in state court, based on claims that Leuty violated various rights guaranteed to Plaintiff by the United States Constitution. Defendant removed the case to this Court from the Circuit Court of Jackson County, Missouri.[1]

---

[1] Defendant characterized and removed this case as an action brought under 42 U.S.C. § 1983, Doc. 8, p. 3 (motion to dismiss), but Plaintiff disputes Defendant's characterization, Doc. 14, p. 1 (motion to strike). For the reasons set out in Defendant's reply on the matter, Doc. 22 (citing *Wax 'n Works v. City of St. Paul*, 213 F3d 1016, 1019 (8th Cir. 2000), the Court will treat the case as having been brought under § 1983.

Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief may be granted. The Court may grant Defendant's motion if "it is clear that no relief can be granted under any set of facts that could be proved consistent with [Plaintiff's] allegations." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quotation marks omitted).

"In order to recover on a [federal civil rights] claim, a plaintiff must prove . . . [that] the conduct complained of was committed by a person acting under color of state law . . . ." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1010 (8th Cir. 1993) (citation and quotation marks omitted).

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the United States Supreme Court made clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted). Plaintiff's essential claim is that Defendant provided him with legal representation in a criminal case that violated the United States Constitution. Therefore, following *Dodson*, the Court must dismiss this case for Plaintiff's failure to state a claim upon which relief may be granted because it is clear that Defendant did not act under color of state law.

Accordingly:

(1) Defendant's motion to dismiss (Docs. 7 and 8) is granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief may be granted;

(2) the dismissal of Plaintiff's claims is without prejudice to any habeas corpus action that Plaintiff may file in state or federal court;

(3) Plaintiff's motions for appointed counsel, to strike, for sanctions, and for other relief (Docs. 10, 11, 14, 15, 19, and 26) are denied; and

(4) Plaintiff is cautioned that federal law "makes prisoners responsible for [appellate filing fees of $505.00] the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (citation and quotation marks omitted).

So **ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 20, 2016.